# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **BRUCE HENRY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.   **2:21-cv-797-KFP** |
| | § | |
| **RON ABERNATHY,** Sheriff of | § | |
| Tuscaloosa County, Alabama, in his | § | |
| official capacity; **HAYS WEBB,** | § | |
| District Attorney of Tuscaloosa | § | |
| County, Alabama, in his official | § | |
| capacity; and **STEVE MARSHALL,** | § | |
| Attorney General of the State of | § | |
| Alabama, in his official capacity, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT ABERNATHY'S RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW, Defendant Abernathy, and responds to this Court's Order to Show Cause as to why Plaintiff's Motion to Seal (Doc. 39) should be denied.

## Relevant Law

"The district courts have substantial supervisory powers over their records and files. *Nixon v. Warner Commun., Inc.,* 435 U.S. 589, 98 (1978). Control over these documents is a discretionary matter with the district court. *See United States v. Schlette,* 842 F. 2d 1574, 1577 (9th Cir. 1988), *amended by* 854 F. 2d 359 (9th Cir. 1988). [Appellate courts] review the district court's exercise of its discretion to

disclose a [presentence report] for an abuse of that discretion. *See, e.g.,* <u>United States v. Huckaby,</u> 43 F. 3d 135, 138 (5th Cir. 1995); <u>Schlette,</u> 842 F. 2d at 1576-77; <u>United States v. Charmer Indus., Inc.,</u> 711 F. 2d 1164, 1177 (2d Cir. 1983)."

"The Supreme Court has commented that 'in both civil and criminal cases the courts have been very reluctant to give *third parties* access to the presentence investigation report prepared for some other individual or individuals.' <u>United States Dep't of Justice v. Julian,</u> 486 U.S. 1 (1988). This observation by the Supreme Court supports the 'general presumption that courts will not grant *third parties* access to the presentence reports of other individuals.' <u>Huckaby,</u> F. 3d at 138 (internal quotation and citation omitted). This presumption is due, in part, to a general concern that the disclosure of PSIs to third parties will have a 'chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report.' <u>Julian,</u> 486 U.S. at 12; *see also* <u>United States v. Trevino,</u> 89 F. 3d 187, 191 (4th Cir. 1996); <u>Huckaby,</u> 43 F.3d at 138; <u>United States v. Corbitt,</u> 879 F. 2d 224, 232 (7th Cir. 1989); <u>Charmer,</u> 711 F. 2d at 1176. We have observed that 'requiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process.' <u>United States v. Martinello</u>, 556 F. 2d 1215, 1216 (5th Cir. 1977). The free flow of information is essential to the federal district court's

ability to render a fair sentence. *Charmer,* 711 F. 2d at 1170; *Corbitt,* 879 F. 2d at 232."

"Other circuit courts have determined that a third party requesting disclosure of a PSI must demonstrate a 'compelling, particularized need for disclosure'; and, even when that need is demonstrated, the district court should take care—usually by way of *in camera* review—to ensure that the disclosure is limited to 'those portions of the report which are directly relevant to the demonstrated need.' *Corbitt,* 879 F. 2d at 239; *see also* *Huckaby,* 43 F. 3d at 138.  The compelling need must be one stated with particularity, as opposed to an abstract and conclusory expression of need. The Seventh Circuit noted that a party to 'pending or contemplated litigation,' who requires access to a presentence report 'to impeach a witness, or to establish an affirmative proposition,' would normally meet this need requirement. *Corbitt,* 879 F. 2d at 239-40." *United States v. Gomez,* 323 F. 3d 1305, 1307-8 (11th Cir. 2003).

## **Application**

Plaintiff filed his own presentence report in this case for the purpose of "merely show[ing] that Defendants' description of Mr. Henry's offense conduct was misleading, and was limited to the fact that the presentence report demonstrates that at the time of his arrest and conviction, Mr. Henry 'cooperated with law enforcement officials, honestly answered their questions, and received a sentence at the bottom of the Guidelines range.'" (Doc. 40).  However, as he stated in his response to show

cause, "his criminal record, nature of conviction, and sentence are all part of the public record." The presentence report dates back to February 22, 2013 (over 9 years ago).

The rationale for keeping presentence reports confidential is a general concern that the disclosure of presentence reports to third parties will have a "chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report." Here, there is no disclosure to a third party--no outside source is asking for the information included in the report. Plaintiff filed the document for his own benefit. A document not under seal is part of the court record, and an outside source could potentially obtain that information if sought, but this is not a question of whether to release the document to a third party. The motion to seal filed by Plaintiff should be denied.

## **Conclusion**

This Court has complete discretion on whether or not to seal the presentence report. In this case, the motion to seal the presentence report should be denied. At a minimum, this Court should review the document *in camera* to determine which portions of the report are directly relevant to the demonstrated need.

Respectfully submitted on April 12, 2022.

BY: _____
STUART D. ALBEA
Attorney for Ron Abernathy
P.O. Box 2673
Tuscaloosa, AL 35403-2673
Tel (205) 248-9556
Fax (205) 449-5813

## CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing was filed electronically and notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

Done on April 12, 2022.   _____
STUART D. ALBEA