IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-797-RAH |
| ) | [WO] |
| RON ABERNATHY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

## **INTRODUCTION**

Previously, Plaintiff Bruce Henry sought declaratory and injunctive relief from certain residency restrictions of the Alabama Sex Offender Registration and Community Notification Act (ASORCNA)—namely Alabama Code § 15-20A-11(d)(4)—which he argued were unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

On January 10, 2024, the Court granted in part Henry's motion for summary judgment and entered a final judgment, declaring Alabama Code § 15-20A-11(d)(4) facially unconstitutional under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and permanently enjoining the Defendants (collectively, the State) from enforcing the statutory provision. (Docs. 150, 151.) The State filed its notice of appeal to the United States Court of Appeals for the Eleventh Circuit the same day. (Doc. 152.)

On January 12, 2024, after the Court stated it would entertain a motion to stay the permanent injunction pending appeal (doc. 154), the State filed such a motion, requesting a ruling on or by January 19, 2024 (doc. 156). Henry opposes the State's

1

Motion. (Doc. 161.) The matter is ripe for review. The Court will grant the State's Motion and stay the permanent injunction as to both parties and non-parties to this action until the Eleventh Circuit issues its mandate disposing of the appeal in this matter.

## LEGAL STANDARD

The general rule is that "[t]he filing of a notice of appeal . . . divests the district court of control over those aspects of the case involved in the appeal." *Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1097 n.7 (11th Cir. 1994) (per curiam) (alteration in original) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, Federal Rule of Civil Procedure 62(d) provides an exception to this rule, permitting a district court, in its discretion, to "suspend, modify, restore, or grant an injunction" during the pendency of the appeal. Fed. R. Civ. P. 62(d). "A district court may, therefore, proceed as provided by such rule without leave of the court of appeals to grant or stay an injunction pending an appeal." *Miller v. Hamm*, No. 2:22-cv-506, 2022 WL 4371904, at *1 (M.D. Ala. Sept. 21, 2022) (citation omitted).

A stay pending appeal pursuant to Federal Rule of Civil Procedure 62(d) "is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). Rather, the issuance of a stay is "an exercise of judicial discretion," based upon "the circumstances of the particular case." *Id.* (quoting *Virginian Ry. Co.*, 272 U.S. at 672–73). In exercising this discretion, a court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425–26 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The

State, as the stay applicant, bears the burden to demonstrate that the particular circumstances here justify a stay. *Id.* at 433–34. "The first two factors . . . are the most critical. It is not enough that the chance of success on the merits be 'better than negligible'" or that there is "some 'possibility of irreparable injury.'" *Id.* at 434 (citations omitted).

## DISCUSSION

The parties have argued their respective positions relevant to each of the stay factors but ultimately the decision to stay a permanent injunction pending resolution of the appeal is in the sound discretion of the Court. Fed. R. Civ. P. 62. The nature and circumstances of this case, considering each of the stay factors, weigh in favor of staying the permanent injunction pending appeal, so the Court will do so.

As to its likelihood of success on appeal, the State makes several arguments concerning the description of the right at issue in this case, the level of constitutional scrutiny that should apply to § 15-20A-11(d)(4), and the wisdom of entering a statewide permanent injunction. Relying on *Garcia-Mir v. Meese*, the State combines its arguments concerning the second, third, and fourth stay factors into a single argument, contending the "balance of the equities" here favors a stay pending appeal. 781 F.2d 1450, 1453 (11th Cir. 1986) (*quoting Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (per curiam)) ("But the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" (alterations in *Garcia-Mir*)). The State avers that its well-recognized interest in protecting the safety of minors, "including Henry's son," together with the irreparable harm that accompanies enjoining it from enforcing a duly enacted statute weighs heavily in favor of a stay. (Doc. 156 at 9.) Henry, of course, strongly disagrees with each of the State's arguments, asks the Court to deny the State's motion in full, and alternatively, limit the stay only as to non-parties.

The balance of the equities favors a stay pending appeal. The State has a long-recognized interest in protecting the safety of minors. Enjoining the State from enforcing a duly enacted statute *before* the judicial process is complete and final judgment is rendered as to that statute's legality is a form of irreparable harm and cuts against the general public interest in enforcing criminal statutes and protecting children. Henry is quite right that the State "cannot pursue [its] interest through unconstitutional means," and that "it is, definitionally, in the 'public interest' to protect constitutional liberties." (Doc. 161 at 11.) But the subject of the appeal in this matter turns on the constitutionality of § 15-20A-11(d)(4) and, even though the Court concluded it was facially unconstitutional, the State's appeal renders the Court's decision on summary judgment subject to change pending the outcome of the State's appeal. Until the Eleventh Circuit issues its mandate, the future of § 15-20A-11(d)(4) in its current form remains the subject of ongoing dispute. Staying the permanent injunction enjoining the State from enforcing the statute is appropriate under the circumstances of this case.

## CONCLUSION

For these reasons, it is **ORDERED** as follows:

1. The State's *Time-Sensitive Motion to Stay Permanent Injunction* (Doc. 156) is **GRANTED**;

2. The Court's permanent injunction enjoining the State from enforcing Alabama Code § 15-20A-11(d)(4) (Doc. 150) is **STAYED** as to both parties and non-parties to this action until the United States Court of Appeals for the Eleventh Circuit issues its mandate disposing of the appeal in this matter.

**DONE** on this the 18th day of January 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE